IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:22-cv-00970-O |
| | § | |
| INGA DOW, et al., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant Inga Dow's Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (ECF No. 17), filed December 28, 2022; Defendant Inga Dow's Motion to Consolidate and Stay (ECF No. 20), filed January 6, 2023; Defendant Inga Dow's Motion to Dismiss (ECF No. 22), filed January 6, 2023; and Defendants Keller Williams Realty, Inc., Gary Keller, and Josh Team's Motion to Consolidate and Extend Deadline to Answer or Otherwise Respond to Complaint (ECF No. 25), filed January 9, 2023.

These motions arise from the competing deadlines and interests of the various parties in this case. The matters presented are further complicated by the fact that a parallel case is currently pending, but stayed, before Judge Pittman in the Fort Worth Division of the United States District Court for the Nothern District of Texas. *See Inga Dow v. Keller Williams Realty, Inc., John Davis, GO Management, LLC, David Osborn, Smokey Garrett, and Gary Keller* (the "*Dow* Case"), Civil Action No. 4:21-cv-01209-P (N.D. Tex.).

To begin, Defendant Inga Dow's Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (ECF No. 17) is **MOOT**, given that she has timely filed her Motion to Dismiss (ECF No. 22).

As for the motions to consolidate (ECF Nos. 20, 25), the Court finds that they should both be **DENIED**. Importantly, consolidation under Federal Rule of Civil Procedure 42(a) is discretionary, as the parties correctly identify in their briefing. Having reviewed the briefing submitted by the parties, and considered the status of the *Dow* Case, the Court finds that the instant action should be allowed to continue in the present format. The Court's reasoning is based on two related rationales.

First, Plaintiff John Davis has not been afforded relief in the *Dow* Case, nor will he be afforded relief any time soon. Reviewing the docket in the *Dow* Case, John Davis has had a motion to dismiss pending in that matter, in one form or another, since January 6, 2022. This has precluded him from filing an answer or counterclaims in that litigation. Moreover, any decision on his motion to dismiss has been indefinitely stayed pending the results of an arbitration that he is not even a participant in. And based on the most recent arbitration status update in the *Dow* Case from December 1, 2022, it seems that a final arbitration hearing has not yet been set, thus making any resolution months—if not years—away. *See* December 1, 2022 Joint Status Report, *Dow* Case, ECF No. 125. Second, this case, the *Dow* Case, and the *Dow* arbitration will all depend on the resolution of several key factual issues, which this Court is prepared to resolve in an expedited manner. This will in turn conserve judicial resources by eliminating the need for duplicative proceedings that have already stretched on for years. Therefore, in its discretion and not finding good cause to grant Defendants' motions to consolidate, the Court **DENIES** both motions to consolidate (ECF Nos. 20, 25).

Based on this determination, Defendants Keller Williams Realty, Inc., Gary Keller, and Josh Team **SHALL** file their answer or other responsive pleading **by February 8, 2023**.

**SO ORDERED** on this **25th** of **January, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE